IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **02-cv-00851-JLK-MJW**

**KAREN McBETH**,

      Plaintiff,

v.

**TERRY L. SANTI**,
**KATHI WAGONER, and**
**JEFFREY HIMES,**

      Defendants.

---

**ORDER CLARIFYING RULE 54(b) CERTIFICATION
AND DIRECTING ENTRY OF JUDGMENT**

---

**Kane, J.**

This interminable 42 U.S.C. § 1983 action involves claims arising out of the revocation of Plaintiff's daycare license in the wake of her son's arrest on charges of molesting his teenaged daughter and her friend in the home where his mother provided daycare services. Plaintiff asserted claims for deprivations of her civil rights against Defendants Santi and Wagoner individually and in their capacities as Colorado Department of Human Services employees, as well as against Jeffrey Himes, individually and in his capacity as an investigator and deputy sheriff of the Arapahoe County Sheriff's Department. In due course I dismissed both the Colorado Department of Human Services and the Arapahoe County Sheriff's Department as named Defendants and the lawsuit

proceeded against Defendants Santi, Wagoner and Himes in their individual capacities only.

All three individually named Defendants raised the defense of qualified immunity to Plaintiff's claims against them.  After considerable wrangling and delays resulting from failed settlement negotiations, discovery disputes, my illness and a crowded docket, I entered an Order on January 29, 2007 (Doc. 64):  (1) granting Defendants' Santi and Wagoner's Motion for Summary Judgment on the defense of qualified immunity and directing that judgment enter in their favor on all of Plaintiff's claims against them; and (2) granting in part and denying in part the qualified immunity defense asserted by Defendant Himes in his separate Motion for Summary Judgment.  Defendant Himes moved for reconsideration of my January 29 Order, which I also denied (Doc. 78).  Himes commenced an interlocutory appeal of both Orders on April 12, 2007.

On June 12, 2007, after carefully considering the status and posture of the case, and at the parties' joint request, I issued an Order granting Plaintiff's Motion for [Entry of] Final Judgment and Permission to Appeal Order for Summary Judgement re Defendants Santi and Wagoner (Doc. 90).  *See* Order (Doc. 91).  In this Order, made pursuant to Fed. R. Civ. P. 54(b), I found there was no just basis for delaying Plaintiff's appeal of the qualified immunity issues that were resolved, with finality as to Santi and Wagoner on summary judgment, until Himes's interlocutory appeal of the denial of his qualified immunity defense was resolved.  *Id.*  I was persuaded by the Plaintiff's argument, again unopposed by Defendants, that the entry of final judgment against

Plaintiff on her claims against Santi and Wagoner would promote clarity and judicial efficiency in the resolution of the issues of qualified immunity presented.  Requiring Plaintiff to wait to challenge the qualified immunity of Santi and Wagoner until doubts about Himes's qualified immunity were resolved and, depending on the outcome of that appeal, until her remaining claims against Himes were tried to finality by a jury, would not only cause needless delay but would also require the Court of Appeals to decide the same issues of qualified immunity more than once in subsequent (first Himes's, and then Santi and Wagoner's) appeals.  Accordingly, I signed the parties' proposed Order granting entry of final judgment, expressly determining no just reason for delaying entry of final judgment existed and that entry of judgment would promote principles of judicial efficiency and clarity.  *See id.*

In reliance on my June 12, 2007 Order, Plaintiff commenced her appeal against Santi and Wagoner so that Himes's interlocutory appeal of my Order denying, in part, his defense of qualified immunity could be determined at the same time as Plaintiff's appeal of my having endorsed the defense with respect to co-defendants Santi and Wagoner.

In an Order entered on July 26, 2007, the Tenth Circuit tolled briefing on the merits of Plaintiff's appeal of my grant of qualified immunity to Santi and Wagoner and provided notice that it was considering summary dismissal of Plaintiff's appeal.  The cited basis for this action was the insufficiency of my June 12, 2007 Order under Fed. R. Civ. P. 54(b).  The Rule requires an "express determination that there is no just reason for delay" and "an express direction for the entry of judgment," Fed. R. Civ. P. 54(b); an

Order stating there was "no just reason for delay" and "expressly direct[ing] entry of [final] judgment" does not, to the Tenth Circuit's satisfaction, meet those requirements. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

My Order granting summary judgment against Plaintiff and for Defendants Santi and Wagoner is a final order disposing of all of Plaintiff's claims against these Defendants. My reasons for agreeing with the parties that "no just reason" exists for delaying entry of final judgment against Plaintiff on her claims against Santi and Wagoner, which would not be affected by the outcome of Himes's appeal in any event, were implicit in my June 12, 2007 Order. I trust the foregoing recitation makes these reasons explicit. The parties' wishes to expedite the ordinary course by which cases involving multiple claims and multiple parties proceed to finality under the Rules makes sense under the circumstances of this case. The only claim that remains pending in this action following my decision on Defendants' summary judgment motions is Plaintiff's claim against Defendant Himes for retaliation in relation to her exercise of her rights under the First Amendment to seek and follow the advice of legal counsel. Accordingly, for the reasons above stated, the Order entered on June 12, 2007 (Doc. 91), and its express determination that there is no just reason to delay entry of final judgment on Plaintiff's separate claims against Santi and Wagoner, is reiterated with the foregoing articulation added thereto.

The Clerk is therefore directed to enter final judgment against Plaintiff and for Defendants Santi and Wagoner on each of Plaintiff's claims against them pursuant to the

January 29, 2007 Order on Defendant's Motions for Summary Judgment (Doc. 64) and the June 12, 2007 Order (Doc. 91) granting Plaintiff's motion for entry of judgment on these claims.

BY THE COURT:

Dated July 31, 2007                   *s/John L. Kane*
                                      SENIOR U.S. DISTRICT JUDGE